UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SCOTT SCHUTZA,

                                            Plaintiff,

v.

LESLIE'S POOLMART, INC., et al.,

                                            Defendants.

Case No.:  26-cv-00861-AJB-BJW

**ORDER DENYING STIPULATION**

(Doc. No. 7)

Before the Court is a Stipulation to Set Aside Entry of Default and Extend Time to Respond to Complaint filed by Plaintiff Scott Schutza ("Schutza") and Defendants Mission Gorge Square LLC and Leslie's Poolmart, Inc. (collectively, "Defendants"). (Doc. No. 7.)

Schutza initiated this action in February 2026 and served summons and copies of the complaint on Defendants the following month. (Doc. Nos. 1; 3; 4.) Defendants' responses to the complaint were due by the end of March. (Doc. No. 5.) Because Defendants failed to meet their deadlines, the Court entered directed the Clerk of Court to enter default against Defendants. (*Id.*) The Clerk of Court entered default against Defendants. (Doc. No. 6.)

The parties have now filed a stipulation agreeing to set aside the entry of default and extend Defendants' deadline to submit a responsive filing to April 21, 2026. (Doc. No. 7.)

The Court does not approve the parties' stipulation.

1

26-cv-00861-AJB-BJW

First, the Court does not recognize stipulations in this regard. CivLR 7.2.b; J. Battaglia Civ. Case Proc. § IV.A.

Second, Federal Rule of Civil Procedure 55(c) authorizes a court to set aside an entry of default when good cause exists. To establish good cause, a party must address "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; [and] (3) whether reopening the default judgment would prejudice" the opposing party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). The parties do not address any of these factors. (*See generally* Doc. No. 7.) Instead, they simply "agree that good cause exists to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c)." (*Id.*) Absent any explanation, the Court is not inclined to accept the parties' conclusory statement.

Third, the Court expects parties to request continuances at least seven days before the date they seek to change. Battaglia Civ. Case Proc. § IV.C. In requesting a continuance, parties must address "(1) the original date and proposed date; (2) good cause for the requested change; (3) the number of previous continuances and requests that have been made; (4) whether previous requests were granted or denied; (5) how this request will impact other dates or deadlines; and (6) how the parties fulfilled the Court's meet-and-confer requirement." *Id.* Additionally, parties "must address excusable neglect for the request's untimeliness" for requests that are not made at least seven days before the date they seek to change. *Id.* Over a week and a half after the deadlines have lapsed, the parties seek to extend Defendants' deadlines roughly four weeks. (*Compare* Doc. No. 7, *with* Doc. No. 5.) Yet the parties do not address any of these factors. (*See generally* Doc. No. 7.)

Accordingly, the Court **DENIES** the Stipulation to Set Aside Entry of Default and Extend Time to Respond to Complaint. If the parties still wish to set aside the entry of default and to extend Defendants' deadline to submit a responsive filing, the parties must submit a motion that complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the Southern District of California, and

the undersigned's Civil Case Procedures. The Court additionally admonishes counsel to review the Local Rules of Practice as well as the undersigned's Civil Case Procedures.

**IT IS SO ORDERED**.

Dated:  April 7, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-00861-AJB-BJW