UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                                    Plaintiff,<br><br>v.<br><br>LESLIE'S POOLMART, INC., et al.,<br><br>                                    Defendants. | Case No.:  26-cv-00861-AJB-BJW<br><br>**ORDER**<br><br>(Doc. Nos. 10; 12) |

Plaintiff Scott Schutza ("Schutza") initiated this action on February 11, 2026. (Doc. No. 1.) After being served, Defendants Leslie's Poolmart, Inc. ("Leslie's"), and Mission Gorge Square, LLC ("Mission Gorge"), (collectively, "Defendants") failed to timely respond to Schutza's Complaint (Doc. No. 1). (Doc. No. 5.) The Court consequently directed the Clerk of Court to enter default against Defendants and ordered Schutza to move for default judgment within 30 days of April 3, 2026. (*Id.*) Schutza failed to timely file such a motion. (Doc. No. 9.) The Court therefore ordered Schutza to show cause by May 12, 2026, why the Court should not dismiss the complaint. (*Id.*)

Schutza and Defendants now jointly move to set aside the Court's entry of default (Doc. No. 10.) The parties additionally ask the Court to deem an attached unsigned answer as filed so that the parties can "move the case onto the merits track." (*Id.* at 9–10.) Schutza

additionally asks the Court to discharge the order to show cause and vacate the corresponding hearing. (Doc. No. 12.)

## I.   Motion to Set Aside Default

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The Court must "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2)whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). A "finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### A.   Defendants' conduct is not culpable.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

Defendants indicate that they were not culpable because they "believed the[ir] response deadline[s] had been extended by agreement." (Doc. No. 10-1 at 6.) Additionally, three days after the Court entered default, the parties "filed a stipulation to set aside the default and extend the response deadline." (*Id.* (citing Doc. No. 7).) Although the Court denied the stipulation on April 7, 2026 (Doc. No. 8), Defendants' counsel did not learn of the order until April 21, 2026, because of an "inadvertent ECF notice-routing issue" that caused notice to be sent to "legacy email addresses rather than counsel's current firm email address." (Doc. No. 10-1 at 7.) Defendants concede that "[t]his record shows mistake, not bad faith." (*Id.*)

The Court agrees that the record does not show that Defendants "*intentionally* failed to answer." *Mesle*, 615 F.3d at 1092. Rather, Defendants' mistakes appear to be due to

negligence at best. For instance, although the parties agreed to extend Defendants' deadline to respond to the Complaint, they failed to move the Court to approve their stipulation as required by Civil Local Rule 7.2. Additionally, attorneys who have registered for electronic service through the Case Management/Electronic Case Files system "must update the[ir contact] information through the PACER website and file a timely notification of [contact information] changes." Electronic Case Filing Administrative Policies and Procedures Manual § 1.f, United States District Court for the Southern District of California, https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Proc edures%20Manual.pdf. Defendants' counsel apparently failed to comply with this obligation. (Doc. Nos. 10-1 at 7; 10-2 ¶ 8.)

### B.    Defendants present a potentially meritorious defense.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (quoting *TCI*, 244 F.3d at 700). To satisfy the meritorious defense requirement, a defendant merely needs to "allege sufficient facts that, if true, would constitute a defense." *Id.*

Defendants contend that they have already remediated the threshold lip that was allegedly non-compliant with the Americans with Disabilities Act ("ADA"). (Doc. No. 10-1 at 7.) They add that this remediation provides a meritorious defense against Schutza's "claim for ongoing ADA injunctive relief." (*Id.*) Defendants indicate that they intend to assert additional defenses if the litigation moves forward." (*Id.* at 7–8.)

This contention "allege[s] sufficient facts that, if true, would constitute a defense" and carries Defendants' "minimal" burden for setting aside default. *Mesle*, 615 F.3d at 1094.

### C.    It does not appear that Schutza will be prejudiced.

For the reopening of a default judgment to be prejudicial, "the delay [in litigation] must result in tangible harm such as loss of evidence, increased difficulties or discovery,

26-cv-00861-AJB-BJW

or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (9th Cir. 1996).

Defendants claim that Schutza will not be prejudiced because this Action is still in its early stages. (Doc. No. 10-1 at 8.) Defendants additionally point to the fact that Schutza has joined in the present motion, which "confirms the absence of prejudice.") (*Id.*)

Given Schutza's consent, the Court concurs that setting aside the entry of default will not prejudice Schutza. *See Thompson*, 95 F.3d at 433–34.

Under these circumstances, the Court **FINDS** that good cause exists to set aside the entry of default against Defendants. Accordingly, the joint motion is **GRANTED IN PART** and the Court **SETS ASIDE** the entry of default.

**II.     Deadline to File an Answer**

As a part of their joint motion, Defendants attach an unsigned "proposed responsive pleading." (Doc. Nos. 10-1 at 10; 10-3.) The parties ask the Court to "[e]xtend Defendant's time to respond to Plaintiff's Complaint under Rule 6(b)(1)(B)" and "[d]eem Defendant's attached responsive pleading filed as of the date of the Court's order." (Doc. No. 10-1 at 10.)

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), "the court may, for good cause, extend [a deadline] on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether "excusable neglect" exists, courts consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

These factors weigh in favor of extending Defendants' deadline. First, as previously discussed, it does not appear that Schutza will be prejudiced. Second, the delay caused by Defendants' failures is not significant. Defendants' responsive filings were due by the end of March 2026. (Doc. No. 5.) Approximately 50 days have passed since these deadlines.

The parties jointly indicate that this "delay has had limited impact on the proceedings." (Doc. No. 10-1 at 9.) Third, again, the delay appears to have been caused by Defendants' counsel's negligence instead of any bad faith on Defendants' part. Fourth, in turn, it appears that the parties make this motion in good faith.

Although the Court is inclined to extend Defendants' deadline to file a responsive pleading, it cannot deem the proposed responsive filing as filed on the date of this order. Pursuant to Federal Rule of Civil Procedure 11(a), "[e]very pleading . . . must be signed by at least one attorney of record in the attorney's name." Defendants' proposed responsive filing, however, does not bear any signature. (*See generally* Doc. No. 10-3.)

Accordingly, the Joint Motion is **GRANTED IN PART**. The Court **CONTINUES** Defendants' deadline to submit a responsive filing to **May 15, 2026**. The parties' request to deem the proposed responsive pleading as filed on the date of this Order is **DENIED**.

**III.    Order to Show Cause**

In light of the foregoing, the Court **DISCHARGES** the May 5, 2026 Order to Show Cause and **VACATES** the corresponding May 21, 2026 hearing. (Doc. No. 9; *see also* Doc. No. 12.)

\*      \*      \*

For the foregoing reasons, the joint motion is **GRANTED IN PART and DENIED IN PART**. (Doc. No. 10.) The Court **SETS ASIDE** the Entry of Default. (Doc. No. 6.) Defendants must submit a responsive filing on or before **May 15, 2026**. The Order to Show Cause is **DISCHARGED** and the corresponding hearing is **VACATED**. (Doc. No. 9.)

**IT IS SO ORDERED**.

Dated:  May 14, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-00861-AJB-BJW